UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

**MONTY E. REYNOLDS,**

    **Plaintiff,**

v.                       Case No. 3:09-cv-00202
                         Judge Thomas M. Rose

**SAFRAZ SHAN ABDUL, et al.,**

    **Defendants.**

_____

ENTRY AND ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE ADDITIONAL MEMORANDA (DOC. #9), GRANTING DEFENDANT'S MOTION TO DISMISS (DOC. #5), AND TERMINATING THIS CASE
_____

   This matter is before the Court for decision on Defendant Safraz Shan Abdul's motion to dismiss for lack of personal jurisdiction (Doc. #5).  The instant motion is brought pursuant to Federal Rule of Civil Procedure 12(b)(2) and argues that this Court has insufficient jurisdiction over Defendant Abdul to hear this case.

   Plaintiff Monty E. Reynolds' Complaint (Doc. #1) ("Compl.") asserts two Causes of Action stemming from an auto collision in Bronx, New York on April 21, 2008.  First, Plaintiff seeks to recover from Defendant Abdul for allegedly negligent conduct, which caused the road collision and injured Plaintiff.  (Compl. ¶¶ 5-9.)  Second, Plaintiff sought to recover from Defendant Abdul and Defendant OOIDA Insurance Company for evading discussion or communication about this case—allegedly in bad faith—and allegedly making material misrepresentations to Plaintiff about the case.  (*Id.*, ¶¶ 10-13.)

   On June 3, 2009, Plaintiff voluntarily dismissed Defendant OOIDA Insurance Company

1

and the second Cause of Action. (Doc. #3.) This left Safraz Abdul as the sole Defendant and the first claim (for negligent conduct by Abdul) as the lone Cause of Action. (*Id.*)

On June 16, 2009, Defendant Abdul moved this Court to dismiss the instant action for lack of personal jurisdiction (Doc. #5). Defendant Abdul's motion is now fully briefed and ripe for decision.[1] The relevant factual allegations will first be set forth followed by an analysis of the motion.

## I. RELEVANT FACTUAL ALLEGATIONS

"When there is no evidentiary hearing, as is the case here, the pleadings and affidavits are viewed in a light most favorable to the plaintiff." *Specialized Mach. Hauling & Rigging, LLC v. D&L Trans., LLC*, No. 3:08-cv-445, 2009 U.S. Dist. LEXIS 37234, 2009 WL 1045908, *3 (S.D. Ohio April 20, 2009) (Rose, J.) (citing *Burnshire Development, LLC v. Cliffs Reduced Iron Corp.*, 198 Fed. App'x 425, 429 (6th Cir. 2006)). In this case, Defendant Abdul submitted an affidavit in support of his motion (Doc. #5-1). In opposition to the motion, Plaintiff Reynolds has submitted documents into evidence (Docs. #7-1 to 7-11) and relies upon them, and his Complaint, as the sources of jurisdictional factual allegations.

Plaintiff alleges that, on April 21, 2008, in Bronx, New York, Defendant Abdul "negligently drove his vehicle into the rear end of Plaintiff's vehicle without any negligence [by Plaintiff]." (Compl. ¶ 7.) For the resulting injuries, Plaintiff claims damages "in great excess of $75,000." (*Id.* at 3.)

---

[1] On July 8, 2009 (after the motion by Defendant Abdul, the response by Plaintiff, and a reply by Abdul), Plaintiff filed a motion for leave to file a sur-reply (in essence, a second response) to Defendant Abdul's motion. (Doc. #9.) Plaintiff's motion is governed by S. D. Ohio Civ. R. 7.2(a)(2). ("No additional memoranda beyond those enumerated will be permitted except upon leave of court for good cause shown.") "Good cause" includes the movant introducing new issues in his reply or a new, relevant decision handed down by a controlling authority. Plaintiff's motion does not state any reason (good or otherwise) for this Court to grant leave, as required by our local rule. Since Plaintiff does not show good cause upon which this Court can grant leave to file additional memoranda, the Court will deny his motion.

Plaintiff is a resident of Ohio. (Compl. ¶ 1.) Defendant Abdul is a resident of Georgia. (*Id.*, ¶ 2; Doc. #5-1 at 1.) The allegedly tortuous conduct by Defendant Abdul occurred solely in New York. (Compl. ¶ 3.) The instant action was filed with the Court on May 22, 2009.

## II. RELEVANT LEGAL PROVISIONS

When a motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) is made, the Plaintiff, Monty Reynolds in this case, has the burden of proving that jurisdiction exists. *Burnshire Dev., LLC v. Cliffs Reduced Iron Corp.*, 198 Fed. App'x 425, 429 (6th Cir. 2006) (citing *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1261-62 (6th Cir. 1996)). "As a part of the burden of proof, the Plaintiff's burden of persuasion depends upon whether the court conducts an evidentiary hearing on the motion to dismiss." *Katz v. Meli Invs., LLC*, No. 3:08-cv-299, 2009 U.S. Dist. LEXIS 1246, 2009 WL 81149, *3 (S.D. Ohio Jan. 9, 2009) (Rose, J.).

When an evidentiary hearing is held, the Plaintiff must establish jurisdiction by a preponderance of the evidence. *Youn v. Track, Inc.*, 324 F.3d 409, 417 (6th Cir. 2003). When there is no evidentiary hearing, as is the case here, the Plaintiff must make only a "prima facie showing," and the pleadings and affidavits, when in conflict, must be viewed in a light most favorable to the Plaintiff. *Burnshire*, 198 Fed. App'x at 429.

"The Sixth Circuit applies a two-part test to determine if personal jurisdiction exists." *Katz*, 2009 U.S. Dist. LEXIS 1246, 2009 WL 81149, *3 (citing *Logan Farms v. HBH, Inc. DE*, 282 F. Supp. 2d 776, 795 (S.D. Ohio 2003)). First, the federal court must determine if the law of the forum state, Ohio in this case, provides for personal jurisdiction. *Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co.*, Ltd., 91 F.3d 790, 793 (6th Cir. 1996). If so, the federal court must then

determine if the personal jurisdiction comports with due process. *Id.* The relevant jurisdictional evidence will next be set forth followed by an analysis of personal jurisdiction under Ohio law and, if necessary, a determination if personal jurisdiction comports with the Due Process Clause of the United States Constitution.[2]

## III. RELEVANT JURISDICTIONAL EVIDENCE

### Plaintiff Reynolds

Monty Reynolds is a resident of Troy, Ohio, which is located within the Southern District of Ohio. (Compl. ¶ 1.)

### Defendant Abdul

Safraz Abdul is a resident of 113 Lawrence Drive in Villa Rica, Georgia. (Affidavit of Safraz Abdul, Doc. #5-1 ("Def.'s Aff.") ¶ 2.) Defendant Abdul was a resident of Villa Rica, Georgia at all times relevant to this case. (Compl. ¶ 2.)

Defendant Abdul is a manager of Typhoon Trucking, LLC, a Georgia "domestic limited liability company" organized on March 31, 2008. (Doc. #7-1.) Defendant Abdul is the "Registered Agent" of Typhoon Trucking in Georgia. (Doc. #7-1 at 3.) The other manager of Typhoon Trucking is Tanuja Abdul. (*Id.*) Typhoon Trucking is physically located, and receives

---

[2] Plaintiff argues that Ohio's long-arm statute, Ohio Rev. Code § 2307.382, extends to the full limits allowed by the Due Process Clause, and, therefore, a separate analysis of both is unnecessary. (Doc. #7 at 5.) To support this claim, Plaintiff relies on a narrowly selected quote from a 1972 Sixth Circuit decision, *In-Flight Devices Corp. v. VanDusen Air, Inc.*, 466 F.2d 220, 224 (". . . the Ohio legislature intended to extend the jurisdiction of its courts to the Constitutional limits . . ."). Plaintiff overlooks more recent cases from the Sixth Circuit and Ohio Supreme Court which have overruled that part of *In-Flight Devices*. *See Brunner v. Hampson*, 441 F.3d 457, 465 (6th Cir. 2006) ("the Ohio Supreme Court in *Goldstein v. Christiansen*, 70 Ohio St. 3d 232, 1994 Ohio 229, 638 N.E.2d 541, 545 n.1 (Ohio 1994), held that the long-arm statute does *not* extend to the limits of the Due Process Clause, and that the two issues must be analyzed *separately*") (emphases in original); *Kroger Co. v. Malease Foods Corp.*, 437 F.3d 506, 513 (6th Cir. 2006) ("the Sixth Circuit has overruled this portion of *In-Flight Devices*, recognizing that the Ohio Supreme Court determined that [subsection (A)(1)] of the long-arm statute *did not* reach the limits of the Due Process Clause") (emphasis in original); *Cole v. Mileti*, 133 F.3d 433, 436 (6th Cir. 1998) ("the Ohio Supreme Court recently held [subsection (A)(1)] does not reach to the limits of the Due Process Clause"); *Miller v. Toyota Motor Corp. Worldwide*, 2008 FED App. 0449N, 2008 U.S. App. LEXIS 16386, *5 (6th Cir. July 30, 2008) (ordered published in *Estate of Thompson v. Toyota Motor Corp. Worldwide*, 545 F.3d 357 (6th Cir. Oct. 7, 2008) ("Ohio's long-arm statute is not coterminous with federal constitutional limits."). Thus, this Court will analyze Ohio's long-arm statue and the requirements of the Due Process Clause separately.

mail, at Defendant's address, 113 Lawrence Drive, Villa Rica, Georgia. (Doc. #7-1 at 3; Docs. #7-6 to 7-8.) Tanuja Abdul also resides at that address. (Doc. #7-1 at 3.) Neither Typhoon Trucking nor Tanuja Abdul is a party in this case, nor has either been accused of wrongdoing in the pleadings.

According to a website printout filed by Plaintiff, Typhoon Trucking is registered and licensed with the Federal Motor Carrier Safety Administration (an arm of the U.S. Department of Transportation) to engage in interstate transport of "dry bulk" cargo.[3] (Doc. #7-7 at 2; *see also* Doc. #7-6.) Typhoon Trucking has (or had) "blanket" insurance through "Oklahoma Truck Plates & Process Agents, LLC." (Doc. #7-8 at 1.) Oklahoma Truck Plates has an agent in Ohio who will accept service of process on behalf of Oklahoma Truck Plates. (Doc. #7-10.) Nothing in the evidence before this Court indicates that Oklahoma Truck Plates will accept service on behalf of Typhoon Trucking or Defendant Abdul.

Plaintiff does not claim or show that Oklahoma Truck Plates is incorporated or headquartered in Ohio, nor to what extent Oklahoma Truck Plates does business in Ohio. Oklahoma Truck Plates has registered agents to accept service of process in 49 states and the District of Columbia. (Docs. 7-9 to 7-11.)

Further, Typhoon Trucking had "BIPD/Primary" and "Cargo" insurance through three other companies: "OOIDA Risk Retention Group, Inc." of Grain Valley, Missouri; "Canal Insurance Co." of Greenville, South Carolina; and "Progressive Mountain Insurance Company of [Ohio]" of Cleveland, Ohio. (Doc. #7-8.) The Progressive Mountain policy was effective from October 15, 2008 (after the April 21, 2008 road collision) to March 11, 2009 (before the instant

---

[3] Although the Court is assuming that Plaintiff's Documents #7-6 to 7-11 (which Plaintiff has labeled as Exhibits C, D, E, F, F2, and F3) are accurate for purposes of this motion, the Court notes that those documents are merely printouts from internet websites. There is no affidavit or other filing on record indicating who accessed the relevant webpages, on what date(s) they accessed the webpages, what the Uniform Resource Locators (URL's) of the webpages are, or that anyone attests to the accuracy of the information contained therein.

action was filed on May 22, 2009). (*Id.*)

There is no evidence, other than the Progressive Mountain insurance policy, the Oklahoma Truck Plates process agent, and the "interstate" nature of its business, which shows contact between Typhoon Trucking and the State of Ohio. There is no evidence, other than the contacts of Typhoon Trucking, which shows contact between Defendant Abdul and the State of Ohio.

Plaintiff does not allege or show that Defendant Abdul has ever set foot in Ohio; that Typhoon Trucking has ever hauled cargo to or through Ohio; or that the shipment Defendant Abdul was carrying on April 21, 2008 had come from, or through, or was on its way to, or through, Ohio.

Moreover, Defendant Abdul submitted an affidavit which declared, among other things, that Abdul has never been to Ohio; has never had a mail box or address in Ohio; has never transacted business in Ohio; has never contracted to supply goods or services in Ohio, has never possessed or used real property in Ohio; has never insured any property or risk located in Ohio; and has "no connection whatsoever to Ohio." (Def's Aff., Doc. #5-1.)

## IV. PERSONAL JURISDICTION UNDER OHIO LAW

The Sixth Circuit has explained that there are two kinds of jurisdiction that can be exercised: general jurisdiction and specific jurisdiction. *Brunner v. Hampson*, 441 F.3d 457, 463 (6th Cir. 2006). "General jurisdiction exists when the defendant's contacts with the forum state are 'substantial' and 'continuous and systematic,' such that the state may exercise personal jurisdiction even if the action does not relate to the defendant's contacts with the state." *Katz v. Meli Invs., LLC*, No. 3:08-cv-299, 2009 U.S. Dist. LEXIS 1246, 2009 WL 81149, *9 (S.D. Ohio Jan. 9, 2009) (Rose, J.) (citing *Youn*, 324 F.3d at 418). Specific jurisdiction exists when the

contacts giving rise to jurisdiction relate to the claim that is before the court. *Id*.

Ohio does not recognize general jurisdiction over non-residents. *Signom v. Schenck Fuels, Inc.*, No. C-3-07-037, 2007 U.S. Dist. LEXIS 42941, 2007 WL 1726492 at *3 (S.D. Ohio June 13, 2007). In Ohio, jurisdictional analysis over non-residents, such as the Defendant in this case, is based only upon specific jurisdiction that may be available under Ohio law. *Id*.

Specific jurisdiction under Ohio law is provided by Ohio's long-arm statute, Ohio Rev. Code § 2307.382. Ohio's long-arm statute enumerates nine categories of conduct that subject an entity to personal jurisdiction in Ohio if a cause of action arises out of such conduct. *Katz*, 2009 U.S. Dist. LEXIS 1246, 2009 WL 81149, *9-10 (citing *Shaker Construction Group, LLC v. Schilling*, No. 1:08cv278, 2008 U.S. Dist. LEXIS 79645, 2008 WL 4346777 at *2 (S.D. Ohio Sept. 18, 2008)). In this case, Plaintiff claims specific jurisdiction under one of these categories, namely Ohio Revised Code Section 2307.382(A)(1). Section 2307.382 reads: "(A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's: (1) Transacting any business in this state . . . ."

*Katz,* 2009 U.S. Dist. LEXIS 1246, 2009 WL 81149, *10-11, explains how Section (A)(1) is applied:

> Section (A)(1) provides for personal jurisdiction as to a cause of action arising from the defendant or the defendant's agent transacting any business in Ohio. The Supreme Court of Ohio has indicated that Section (A)(1) is "very broadly worded and permit[s] jurisdiction over nonresident defendants who are transacting any business in Ohio." *Genesis Insurance Co. v. Alfi*, 425 F. Supp. 2d 876, 894 (S.D. Ohio 2006) (citing *Kentucky Oaks Mall Co. v. Mitchell's Formal Wear, Inc.*, 53 Ohio St. 3d 73, 559 N.E.2d 477 (Ohio 1990), *cert. denied*, 499 U.S. 975, 111 S. Ct. 1619, 113 L. Ed. 2d 717 (1991)). The Ohio Supreme Court has also indicated that the word "transact" means "to carry on business," and "to have dealings," and it is broader than the word "contract." *Kentucky Oaks*, 559 N.E.2d at 480. Further, when analyzing Section (A)(1), the court has no better guideline than the wording of Section (A)(1) and must rely upon a case-by-case

determination. *Genesis*, 425 F.Supp. 2d at 894. However, the mere existence of a contract or the mere solicitation of business in Ohio is insufficient to confer jurisdiction under section (A)(1). *Burnshire*, 198 Fed. App'x at 431-32. There must be ongoing, substantive contacts. *Id*.

## V. ANALYSIS

Plaintiff alleges three independent contacts between Defendant Abdul and the State of Ohio. They will be analyzed separately.

### Progressive Mountain Insurance Policy

Plaintiff argues that Typhoon Trucking's insurance policy from Progressive Mountain demonstrates that Defendant Abdul "transacted business" in Ohio for purposes of Ohio Rev. Code § 2307.382. (Doc. #7 at 4.)

Effect cannot precede cause. Section (A)(1) requires that the cause of action "arise from" the defendant's transaction of business in Ohio. The Progressive Mountain insurance policy was not effective until October 15, 2008, nearly six months after the April 21, 2008 road collision at issue here. There is no evidence or other representation that either Defendant Abdul or Typhoon Trucking had any contact with Progressive Mountain before October 15, 2008. Thus, it is not possible for an April road collision to have "arisen from" a later business transaction the following October for purposes of Ohio's long-arm statute.

This Court does not consider or decide whether Typhoon Trucking's purchase of insurance in Ohio, had it been effective at the time of the collision, would have created sufficient contact between Defendant Abdul and the State of Ohio to bring a civil action here for an out-of-state auto collision.

### Oklahoma Truck Plates' Process Agent

Plaintiff argues that Defendant Abdul's contact with Oklahoma Truck Plates allows this Court to assert jurisdiction because Oklahoma Truck Plates has an agent to accept service of

process in Ohio and Typhoon Trucking purchased insurance from Oklahoma Truck Plates.[4]

Even if Defendant Abdul were directly linked to Oklahoma Truck Plates, rather than linked through Typhoon Trucking, this argument would fail because Plaintiff has not shown that Defendant Abdul (or Typhoon Trucking) and Oklahoma Truck Plates transacted any of their business in Ohio, as required to invoke Section (A)(1). Plaintiff's showing that Oklahoma Truck Plates *may* transact business in Ohio does nothing to show or imply that the business from which this action arose was transacted in Ohio.

The mere purchase of insurance that is effective in Ohio (and every other state) does not, by itself, show that any business related to that insurance was transacted in Ohio and is an insufficient contact to confer jurisdiction in this case under Section (A)(1).

### Interstate Nature of Defendant's Business

Last, Plaintiff argues that Defendant Abdul has sufficient contacts to Ohio because Defendant manages an interstate trucking company that is licensed with the Federal Department of Transportation to haul "dry bulk" cargo around the United States, which includes the *ability* to haul cargo to or through Ohio.

Plaintiff has not made any showing that Defendant's interstate trucking activity resulted in, led to, or caused the transacting of any business in Ohio, as required for jurisdiction under Section (A)(1). The fact that Typhoon Trucking is *permitted* to haul cargo throughout the United States does not automatically subject its managers or drivers to the jurisdiction of every state's courts for every possible vehicular tort in every location. Here, Ohio's long-arm statute must be satisfied; merely showing that Defendant's company is *able* to transact business in Ohio is not

---

[4] Plaintiff does not show or state when the Oklahoma Truck Plates insurance policy became active or when the necessary communications and transactions took place between Oklahoma Truck Plates and Typhoon Trucking. For purposes of this motion, the Court will assume the policy was active at all relevant times.

9

sufficient to invoke jurisdiction over the Defendant, as an individual, under the plain language of Section (A)(1).

Thus, Plaintiff has not made even a prima facie showing that Defendant Abdul has sufficient contacts with the State of Ohio for this Court to assert jurisdiction for the April 21, 2008 road collision.

## VI. SUMMARY

Plaintiff Reynolds has the burden of making a prima facie showing that the exercise by this Court of personal jurisdiction over Defendant Abdul is authorized by Ohio's long-arm statute, Ohio Rev. Code § 2307.382, and that the exercise of personal jurisdiction by this Court over Defendant Abdul comports with the Due Process Clause of the United States Constitution. Even when the jurisdictional evidence before the Court is viewed in a light most favorable to Plaintiff, he has not met his burden.

Plaintiff alleges that Defendant Abdul is subject to personal jurisdiction under Section (A)(1) of Ohio's long-arm statute. Based upon the jurisdictional evidence that is before the Court and viewed in a light most favorable to Plaintiff, Defendant Abdul is not subject to personal jurisdiction under Section (A)(1) because he did not transact business in Ohio.

Since Plaintiff has not shown that Defendant Abdul is subject to personal jurisdiction under Ohio's long-arm statute, this Court need not and has not considered whether personal jurisdiction over Defendant Abdul would comport with the Due Process Clause. For the reasons discussed in Footnote 1, *supra*, Plaintiff's Motion for Leave to File Sur-reply (Doc. #9) is DENIED. Defendant Abdul's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2) (Doc. #5) is GRANTED. Reynolds' claim against Abdul is DISMISSED. The case is hereby ordered

terminated from the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

**DONE** and **ORDERED** in Dayton, Ohio, this Twenty-first day of July 2009.

                                                  **/s/ Thomas M. Rose**

                                                  THOMAS M. ROSE
                                         UNITED STATES DISTRICT JUDGE